# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WAUSAU CONTAINER CORPORATION,

      Plaintiff,

v.                                                                                 Case No. 10-C-630

WESTVIEW PACKAGING, LLC
THOMAS TREVIS and JULIE TREVIS,

      Defendants.

## DECISION AND ORDER

Wausau Container ("Wausau") sued Westview Packaging LLC ("Westview Packaging"), Thomas Trevis and Julie Trevis in state court seeking approximately $135,000 in the form of damages for payment due for manufactured goods Wausau delivered to Westview Packaging. The defendants removed this case to federal court based on federal diversity jurisdiction, 28 U.S.C. § 1332, and moved to dismiss for lack of personal jurisdiction. Alternatively, the defendants seek dismissal of Wausau's claims against Julie and Thomas Trevis for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the defendants' motion will be denied in part and granted in part.

## BACKGROUND

Wausau is a Wisconsin corporation with its principal place of business in Wausau, Wisconsin. The company specializes in manufacturing custom paperboard packaging. Thomas Trevis is a 5% owner of Westview Packaging, which is located in Hastings, Minnesota. His

daughter, Julie Trevis, owns 95% of Westview Packaging and serves as the general manager. The business now known as Westview Packaging started in 1976 as a sole proprietorship owned and operated by Thomas Trevis under the name Westview Sales. It specializes in buying and selling paperboard packaging materials and products. From 1996 to 2010, Wausau sold over $2.8 million worth of paper product to Westview Sales and Westview Packaging, LLC.

On or about December 9, 1996 Thomas Trevis executed a "continuing guaranty" whereby he personally guaranteed the trade debt of his sole proprietorship, Westview Sales, to Wausau. (Dkt. 15, Ex. 1.) The personal continuing guaranty was provided to encourage Wausau Container to conduct business with Thomas Trevis and to extend credit to his sole proprietorship. Thomas Trevis never notified Wausau that he was revoking his continuing guaranty.

In 2003, Westview Sales reorganized as a Minnesota limited liability company and became Westview Packaging. All operations were transferred to the newly formed Westview Packaging at that time. Though the structure of the company changed, the management, sales and customer staff all remained the same. Westview Packaging sent a one page memo to its customers describing the transition to the new company and indicating it would honor all contracts and agreements Westview Sales had made. Thomas Trevis retained a 5% ownership in the newly formed Westview Packaging and relocated to Florida, leaving the remainder of the company in the hands of his daughter who remained in Minnesota. Westview Packaging did not notify Wausau that Mr. Trevis was taking a significantly reduced role in the newly formed LLC.

Problems arose in April 2010. Westview Packaging ordered a shipment of paper products called launch cartons. Wausau was reluctant to ship until Westview Packaging paid the amount outstanding on its prior orders. According to Wausau, Julie Trevis made certain representations in

2

e-mails and other communications concerning Wausau's ability to pay. Based on Julie Trevis' assurances, Wausau shipped the launch cartons to Westview Packaging, but Westview Packaging did not pay. This suit followed. Wausau's complaint includes a claim for breach of contract against Westview Packaging, a claim for intentional misrepresentation against Julie Trevis, and a claim against Thomas Trevis based on his personal continuing guaranty.

## MOTIONS TO DISMISS

**I. Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) governs the defendants' motion to dismiss for lack of personal jurisdiction. When a defendant brings a Rule 12(b)(2) motion, the plaintiff has the burden of proving personal jurisdiction. *Dorf v. Ron March Co.,* 99 F. Supp. 2d 994, 996 (E.D. Wis. 2000). The burden, however, is not a heavy one. *Johnson Worldwide Assoc., Inc. v. Brunton Co.,* 12 F. Supp. 2d 901, 906 (E.D. Wis. 1998). A plaintiff need only make a prima facie showing of the existence of personal jurisdiction. *Id.* In determining whether personal jurisdiction exists, the Court may rely on the complaint, affidavits, deposition testimony, exhibits or other evidence in the record. *Schimpf v. Gerald, Inc.,* 2 F. Supp. 2d 1150, 1160 (E.D. Wis. 1998), and the Court will draw all inferences from the record in plaintiff's favor. *PKWare, Inc. v. Meade,* 79 F. Supp. 2d 1007, 1011 (E.D. Wis. 2000).

To determine whether it has personal jurisdiction over a defendant, the court must first decide whether the defendant is subject to personal jurisdiction under Wisconsin's long arm statute and, if so, whether exercising jurisdiction under the statute is consistent with the due process requirements of the Fourteenth Amendment. *Daniel J. Hartwig Assoc., Inc. v. Kanner,* 913 F.2d

1213, 1216 (7th Cir. 1990); *Giotis v. Apollo of the Ozarks, Inc.,* 800 F.2d 660, 664 (7th Cir. 1986); Heritage *House Restaurants, Inc. v. Continental Funding Group, Inc.,* 906 F.2d 276, 279 (7th Cir. 1990). Wisconsin's long arm statute is to be construed liberally in favor of finding jurisdiction. *See Marsh v. Farm Bureau Mutual Insurance Co.,* 505 N.W.2d 162, 165 (Wis. Ct. App. 1993). The burden rests on the plaintiff to establish that the court has personal jurisdiction over each defendant. See *Logan Productions, Inc. v. Optibase, Inc.,* 103 F.3d 49, 52 (7th Cir. 1996).

**A. Personal Jurisdiction Over Westview Packaging, LLC**

Section 801.05(1)(d) of Wisconsin's long arm statutes states that a court has general personal jurisdiction "[i]n any action whether arising within or without this state, against a defendant who when the action is commenced . . . is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." A defendant has "substantial and not isolated" activities within Wisconsin when the defendant has "solicit[ed], creat[ed], nurture[d], or maintain[ed], whether through personal contacts or long-distance communications, a continuing business relationship with anyone in the state." *Dorf v. Ron March Co.,* 99 F. Supp. 2d 994 (E.D. Wis. 2000) quoting *Stauffacher v. Bennett,* 969 F.2d 455, 457 (7th Cir. 1992). In determining whether contacts with Wisconsin are "substantial," so as to allow for personal jurisdiction under the long-arm statute, courts consider the following five factors: (1) quantity of contacts, (2) nature and quality of contacts, (3) source of contacts and their connection with cause of action, (4) interests of State of Wisconsin, and (5) convenience of the parties. *PKWare, Inc. v. Meade,* 79 F. Supp. 2d 1007, 1012 (E.D. Wis. 2000).

Here the facts alleged by Wausau are more than sufficient to establish that Westview Packaging "purposely avail[ed] [it]self of the privilege of conducting activities within the forum

4

state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). Westview Packaging is not located in Wisconsin but it does substantial business in Wisconsin. Currently twelve percent of Westview Packaging's customers are Wisconsin residents and eight percent of Westview Packaging's total vendors are Wisconsin residents. Over the past fourteen years Westview Sales, and now Westview Packaging have purchased over $2.8 million worth of product from Wausau. (Dkt. 15, Ex. 4.) Moreover, Wausau alleges that it "was common for Wausau Container to receive direct solicitations from either Westview Sales or Westview Packaging." (Dkt. 14 at 15.) The quantity, nature, and quality of these contacts with Wisconsin are sufficiently substantial to establish general personal jurisdiction. *See Harley-Davidson Motor Co. v. Motor Sport, Inc.,* 960 F. Supp. 1386, 1389 (E.D. Wis. 1997) (finding personal jurisdiction where, though physical presence was lacking, Puerto Rican company had twenty year distributorship relationship with Wisconsin company through telephone, mail, and facsimile contacts)**;** *Banta Corp. v. Hunter Publ'g Ltd. Partnership,* 915 F. Supp. 80, 83 (E.D. Wis. 1995) (finding that the defendant that received 2 percent of its revenue from subscription sales in Wisconsin fell within the purview of Wis. Stat. 801.05(1)(d)); *Harley-Davidson, Inc. v. Columbia Tristar Home Video, Inc., 851 F. Supp. 1265, 1269* (E.D. Wis. 1994) (finding that an out-of-state defendant that received .008 percent of its fiscal year revenue from sales in Wisconsin was engaged in "substantial and not isolated activities" within the state).

Finally, though neither party discussed it, § 801.05(5)(d) of Wisconsin's long arm statutes authorizes personal jurisdiction "in any action which . . . relates to goods . . . or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction." This is precisely the type of business transaction that transpired between Wausau and Westview

5

Packaging. Westview Packaging placed an order with Wausau. Wausau, in turn, shipped over $100,000 worth of goods from Wisconsin to Westview Packaging in Minnesota.

### B. Personal Jurisdiction Over Julie and Thomas Trevis

Personal jurisdiction over Westview Packaging does not automatically give rise to personal jurisdiction over Thomas or Julie Trevis as individuals. *See Oxmans' Erwin Meat Co. v. Blacketer,* 273 N.W.2d 285, 288 (Wis. 1979) ("Personal jurisdiction over the officer [of a company] could not be asserted on the basis of jurisdiction over the corporation"). Instead, personal jurisdiction over Thomas or Julie Trevis as individuals must meet one of the relevant subsections of Wisconsin's long arm statute. Although Wausau argues that general jurisdiction under § 801.05(1)(d) exists over Thomas and Julie Trevis just as it does over Westview Packaging, it is less clear that their individual contact with Wisconsin is sufficient to establish a local presence that would permit a Wisconsin court to exercise general personal jurisdiction over them. Instead, it is more useful to determine whether they are subject to personal jurisdiction under the provisions of Wisconsin's long arm statute that look to the state contact that gives rise to the specific action before the court. So-called specific jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation." *Harley-Davidson Motor Co. v. Motor Sport, Inc.,* 960 F. Supp. 1386, 1391 (E.D. Wis.1997) (internal citation and quotation omitted).

Specific jurisdiction over Julie Trevis is considered separately from Thomas Trevis because there must be an independent basis for jurisdiction over each defendant. *See PKWare, Inc. v. Meade,* 79 F. Supp. 2d 1007, 1012 (E.D. Wis. 2000). Though she is not a Wisconsin resident, does not own property in Wisconsin, and does not pay Wisconsin business taxes, Julie Trevis was personally involved with many of the communications, back and forth, with Wausau Container

regarding the debt in this lawsuit. Ms. Trevis' conduct and representations form the basis of Wausau Container's intentional misrepresentation claim. Under § 801.05(5)(d), a Wisconsin court has personal jurisdiction in any action which "relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction." Here, specific personal jurisdiction is proper because Ms. Trevis promised to pay Wausau Container and asked that Wausau Container ship additional product from its plant in Wausau to Westview Packaging, LLC, in Minnesota.

Based on Ms. Trevis' actions she could have reasonably anticipated being haled into court in Wisconsin for tortious activity. *See Oxmans' Erwin Meat Co. v. Blacketer,* 273 N.W.2d 285 (Wis. 1979) (analyzing a claim of intentional misrepresentation and holding that a corporate agent cannot shield himself from personal liability for a "tort he personally commits or participates in by hiding behind the corporate entity; if he is shown to have been acting for the corporation, the corporation also may be liable, but the individual is not thereby relieved of his own responsibility."); *See also* 3A William Meade Fletcher, et al., *Encyclopedia of the Law of Private Corporations* § 1143, at 232-36 (perm. ed., rev. vol. 2002) ("A corporate officer or agent who commits fraud is personally liable to a person injured by the fraud. An officer actively participating in the fraud cannot escape personal liability on the ground that the officer was acting for the corporation."). Wausau does not seek to pierce the corporate veil and hold Julie Trevis personally liable for an obligation of Westview Packaging. Rather, Wausau seeks to hold Ms. Trevis liable for her own individual—and allegedly tortious—actions. In sum, this Court has specific personal jurisdiction over Julie Trevis based on Wausau's allegation that she individually made promises to a Wisconsin resident.

Thomas Trevis is also subject to personal jurisdiction, but not necessarily based on his contact with Wisconsin. Wausau's claim against Thomas is based on his guaranty, which is essentially a contractual promise to pay unpaid debts of the business. Under the terms of the guaranty, Thomas expressly consented that venue in any action brought on the guaranty could be in the Wisconsin county in which Wausau had its principal place of business. (Dkt. 15, Ex. 1.) Having consented to venue in the State of Wisconsin in a contract, Thomas has waived any objection to personal jurisdiction in that State. *See TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005) ("Ms. Flegle signed a valid forum selection clause, and '[o]bviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction.' . . . . Ms. Flegle is deemed to have waived her objection to personal jurisdiction.") (internal quotes and citation omitted). Accordingly, personal jurisdiction exists as to each of the defendants.

**II. Motion Under Federal Rule of Civil Procedure 12(b)(6)**

The standards governing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure are well established. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding whether it is sufficient to state a claim, the court must "accept[ ] the complaint's well-pleaded allegations as true and draw[ ] all favorable inferences for the plaintiff." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The allegations must be sufficient "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion

to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

Generally, a court must limit its review to the allegations of the complaint in deciding a Rule 12(b)(6) motion to dismiss. When matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). An exception to this rule exists, however, as to documents that are referred to in the complaint and that are central to the plaintiff's claim. The court may consider those kinds of documents without converting the motion to one seeking summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). If the plaintiff fails to attach such documents to the complaint, the defendant may submit them in support of his Rule 12(b)(6) motion to dismiss. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir.2002). And where the authenticity of such a document is undisputed, "[t]he court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." 5 Wright & Miller, *Federal Practice & Procedure: Civil 2d*, § 1327 at 766 (1990); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

Finally, claims sounding in fraud require greater specificity. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The purpose of the heightened pleading standard in fraud cases is "to force the plaintiff to do more than the usual investigation before filing his complaint."

9

*Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). The justification for imposing this duty on plaintiffs arises from the very nature of claims of fraud:

> Greater precomplaint investigation is warranted in fraud cases because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual), . . . . because fraud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame for it, . . . . and because charges of fraud (and also mistake, the other charge that Rule 9(b) requires be pleaded with particularity) frequently ask courts in effect to rewrite the parties' contract or otherwise disrupt established relationships.

*Id.* (citations omitted). To guard against these dangers, the heightened pleading standard mandated by Rule 9(b) has been construed to require "the plaintiff to state 'the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.' " *Uni\*quality v. Infotronx*, 974 F.2d 918, 923 (7th Cir. 1992) (quoting *Bankers Trust Co. v. Old World Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)).

### A. Continuing Guaranty Claim

The defendants present three reasons to dismiss Wausau's continuing guaranty claim. First the defendants contend that Thomas Trevis only guaranteed the debts of his sole proprietorship, Westview Sales, and did *not* guarantee the debts of Westview Packaging. Second, the defendants argue that the statute of frauds compels any such guarantee of Westview Packaging's obligations to be in writing; and, they claim, such a writing is absent. Third, the defendants suggest that Thomas Trevis' guarantee is noticeably absent language to the effect that Trevis will guarantee the obligations of Westview Sales' successors and assigns; had that language been intended by the guarantee drafter, it would have been included. Notwithstanding these three arguments, dismissal

is not proper at this stage of the proceedings because Wausau has made factual allegations sufficient to raise a right to relief above the speculative level.

Both parties agree that, under Wisconsin law, the personal guaranty made by Mr. Trevis is a contract and must be reviewed under the rules governing construction of contracts. (Dkt. 9 at 6 and Dkt. 14 at 7.) Thus Wausau's continuing guarantee claim hinges on whether Thomas Trevis' personal guaranty (Dkt. 15, Ex 1.) extended to newly formed Westview Packaging.

Other courts have considered whether a continuing guarantee survives when a guarantor's business changes forms. For example in *Cargill, Inc. v. Buis,*, the Seventh Circuit held that changes in corporate structure due to a merger "did not materially affect the continuing liability of defendants and the validity of the Letters of Guaranty, which continued in full force and effect." 543 F.2d 584, 588 (7th Cir. 1976). In *Cargill* the debtor/guarantor was a major stockholder of a privately held family corporation that merged with another corporation. The surviving corporation was markedly similar to the original privately held corporation: the nature of the business remained the same and the major stockholder of privately held corporation was named president of the surviving corporation and remained the majority stockholder. For these reasons the continuing guarantee remained in full force and effect. Here Thomas Trevis retained an ownership interest in the newly formed Westview Packaging and the essential nature of the business remained the same. Accordingly, it would be improper to dismiss Wausau Container's continuing guarantee claim at this stage of the proceedings.

### B. Misrepresentation Claim

To survive a motion to dismiss, a claim of intentional misrepresentation must include the following: first, the plaintiff must plead that the defendant made a false representation of fact; second, the defendant must have made the statement with intent to defraud and for the purpose of

11

inducing another to act upon it; third, the plaintiff must have relied on it and thereby be induced to act to his own injury or damage. *Lundin v. Shimanski,* 368 N.W.2d 676, 680 (Wis. 1985). Further, as noted above, a heightened pleading standard applies to claims of fraud or misrepresentation.

Here, Wausau's general allegations concerning the nature of the alleged misrepresentations fail to meet the heightened pleading standards of Rule 9. The complaint simply alleges that Julie Trevis made untrue representations about Westview Packaging's ability to pay for the product it was requesting Wausau to ship and that these representations were contained in e-mails and other communications from Julie Trevis. (Compl. ¶ 20.) Such a general allegation does not satisfy the particularity requirement of Rule 9(b). Westview Packaging has submitted with its motion to dismiss copies of various e-mails Ms. Trevis sent and asks the Court to determine as a matter of law that they do not constitute representations of fact. But it is not up to Westview Packaging or the Court to amend Wausau's complaint; nor may Wausau amend its complaint in a brief filed in opposition to a motion to dismiss. Having failed to set forth the alleged misrepresentations with the specificity required, Wausau's claim for misrepresentation will be dismissed, but the dismissal is without prejudice.

## CONCLUSION

For the reasons set forth above, the Court concludes that it has jurisdiction over Westview Packaging and Julie Trevis, and Thomas Trevis has waived any objection to personal jurisdiction in the guaranty on which Wausau's claim against him rests. Wausau's claim under the continuing personal guarantee is sufficient to raise the right to relief above a speculative level. However, its claim for misrepresentation against Julie Trevis fails to meet the heightened pleading standard of

Fed. R. Civ. P. 9(b) and is therefore dismissed without prejudice. Accordingly, the defendants motion to dismiss is **denied in part and granted in part**.

**SO ORDERED** this   2nd   day of November, 2010.

                                                                       s/ William C. Griesbach
                                                                    William C. Griesbach
                                                                    United States District Judge