UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WAUSAU CONTAINER CORPORATION,

    Plaintiff,

v.                                                   Case No. 10-C-630

WESTVIEW PACKAGING, LLC,
THOMAS TREVIS and JULIE TREVIS,

    Defendants.

**ORDER**

Wausau Container ("Wausau") commenced this action against Westview Packaging LLC ("Westview Packaging"), Thomas Trevis and Julie Trevis in state court, seeking approximately $135,000 in the form of damages for payment due for manufactured goods Wausau delivered to Westview Packaging, and the case was removed to federal court based on the federal diversity jurisdiction. 28 U.S.C. § 1332. The case is presently before the Court on Wausau's motion for summary judgment on its contract with Westview Packaging and the personal guaranty by Thomas Trevis. Defendants have failed to respond to Wausau's motion.[1] Upon review of the docket, however, it appears that neither Westview Packaging nor Thomas Trevis filed an answer to the complaint after the motion to dismiss was denied. Accordingly, Wausau is entitled to a judgment

---

[1] Wausau filed its motion for summary judgment, Docket 25, on June 15, 2011.

by default against both. I also conclude that Wausau is entitled to judgment on the merits on its claims against Thomas Trevis based on the undisputed facts set forth in support of its motion for summary judgment. Accordingly, Wausau's motion for judgment will be granted.

**BACKGROUND**

Wausau is a Wisconsin corporation with its principal place of business in Wausau, Wisconsin. The company specializes in manufacturing custom paperboard packaging. Thomas Trevis is a 5% owner of Westview Packaging, which is located in Hastings, Minnesota. His daughter, Julie Trevis, owns 95% of Westview Packaging and serves as the general manager. The business now known as Westview Packaging started in 1976 as a sole proprietorship owned and operated by Thomas Trevis under the name Westview Sales. It specializes in buying and selling paperboard packaging materials and products. From 1996 to 2010, Wausau sold over $2.8 million worth of paper products to Westview Sales and Westview Packaging, LLC.

On or about December 9, 1996, at Plaintiff's request, Thomas Trevis executed a "continuing guaranty" whereby he personally guaranteed the trade debt of his sole proprietorship, Westview Sales, to Wausau. (ECF 15, Ex. 1.) The parties do not dispute that the personal continuing guaranty was provided to encourage Wausau Container to conduct business with Thomas Trevis and to extend credit to his sole proprietorship.

In 2003, Westview Sales reorganized as a Minnesota limited liability company and became Westview Packaging. All operations were transferred to the newly formed Westview Packaging at that time. Though the structure of the company changed, the management, sales and customer staff all remained the same. Westview Packaging sent a one page memo to its customers describing

2

the transition to the new company and indicating it would honor all contracts and agreements Westview Sales had made. The memo also clarified that "Westview Packaging, LLC is a partnership between Tom Trevis and Julie Trevis." Thomas Trevis retained a 5% ownership in the newly formed Westview Packaging and relocated to Florida, leaving the remainder of the company in the hands of his daughter who remained in Minnesota. Westview Packaging did not notify Wausau that Mr. Trevis was taking a significantly reduced role in the newly formed LLC. Further, Wausau never received any written notification from Thomas Trevis that he was revoking the continuing guaranty. (Aff. of Jeffrey Plier, ¶ 13.)

Problems arose in April 2010. Westview Packaging ordered a shipment of paper products called launch cartons. Wausau was reluctant to ship until Westview Packaging paid the amount outstanding on its prior orders. According to Wausau, Julie Trevis made certain representations in e-mails and other communications concerning Wausau's ability to pay. Based on Julie Trevis' assurances, Wausau shipped the launch cartons to Westview Packaging, but Westview Packaging did not pay. This suit followed. Wausau's original complaint included a claim for breach of contract against Westview Packaging, a claim for intentional misrepresentation against Julie Trevis, and a claim against Thomas Trevis based on his personal continuing guaranty. In response to Defendants' motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12 (b)(6), this Court dismissed Wausau's claim for misrepresentation and subsequently only the claims for breach of contract (failure to pay for goods received) and breach of a personal continuing guaranty remain. *See* Doc. 18.

Upon entry of the Order denying the defendants' motion to dismiss as to Westview Packaging and Thomas Trevis, they were required to file a responsive pleading within fourteen days.

Fed. R. Civ. P. 12(a)(4)(A). Neither has done so. Having failed to join issue within the time allowed, Westview Packaging and Thomas Trevis have defaulted and Wausau is entitled to judgment as requested in its complaint. Even absent the default, I conclude that Wausau has shown that it is entitled to summary judgment on its claim against Thomas Trevis on his guarantee.

**STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Summary judgment will not be granted merely because the party against whom such a judgment is sought fails to respond; rather, if the opposing party does not respond to a summary judgment motion, summary judgment should, "if appropriate," be entered against that party. Fed. R. Civ. P. 56(e). By providing for entry of summary judgment if appropriate, Fed. R. Civ. P. 56(e) means that judgment shall be entered if it is warranted as a matter of governing law. *Glass v. Dachel*, 2 F.3d 733 (7th Cir. 1993). Since the ultimate burden always rests on the moving party to show that it is entitled to judgment as a matter of law, the record must support summary judgment as a matter of law irrespective of whether the nonmoving party has filed an opposing memorandum.

4

*See, e.g., Van de Sande v. Van de Sande*, 2008 WL 239150 (N.D. Ill. 2008) (noting that a nonmoving party who does not respond to a motion for summary judgment only admits that no material issue of fact exists, and does not waive all legal arguments based on those undisputed facts).

**ANALYSIS**

Wausau argues that despite the corporate renaming of Westview Sales to Westview Packaging, LLC, Thomas Trevis' personal guaranty continued and that he is therefore personally liable for the debt currently due from Westview Packaging. Wausau concedes that Trevis' personal liability is only limited by the language of the personal guaranty to $100,000. Trevis does not dispute the authenticity of the guaranty; he has only asserted (in his affidavit and in the Defendants' previous motion to dismiss) that the guaranty is not enforceable because Westview Sales no longer exists as an entity and has since been renamed Westview Packaging, LLC, a partnership in which he has substantially less authority and ownership.

In *Cargill, Inc. v. Buis*, the Seventh Circuit noted that "a mere change of form does not terminate a guaranty, absent a change of liabilities." 543 F.2d 584, 588 (7th Cir. 1976). In *Cargill*, the defendant was a major stockholder of a privately held family corporation that sold the plaintiff's products under a franchise agreement. The defendant gave a continuing guarantee to the plaintiff under which he agreed to pay the indebtedness of the debtor corporation in the event the corporation defaulted. The issue before the Court was whether the continuing guaranty remained in effect after the family corporation merged with another, changed its name and became publicly held. Noting

5

that the changes made in the merger with another corporation and the defendants' subsequent interest in the merged corporation did not materially affect the continuing liability of defendants, the Court held that the guaranty remained in full force and effect. *Id.* at 588; *see also Essex International, Inc. v. Clamage*, 440 F.2d 547, 550 (7th Cir. 1971) ("Unless there is some material change in the business dealings between the debtor and the creditor-guarantee and some increase in the risk undertaken by the guarantor, the obligation of the guarantor is not discharged.").

Here it is undisputed that there was no material change in the business dealings between Wausau and Westfield. To the extent any change occurred, Thomas waived his right to object to the guaranty. Under Wisconsin law[2], a guarantor may waive his right to release if he has knowledge of and assents, either expressly or by implication, to changes in the obligation he has assumed. *Baumgarten v. Bubolz*, 104 Wis. 2d 210, 215 (1981)(citations omitted). Based on the undisputed facts before me, I conclude Thomas Trevis impliedly waived the changes in the obligation and is therefore barred from asserting his guaranty pursuant to Westview Sales does not extend to Westview Packaging, LLC.

In determining whether a guarantor has waived his right to object to changes in an obligation, the relationship of the guarantor in a transaction must be examined according to the intent of the parties, as evidenced by the nature of the transaction. *Id.* (citing *Bank of Commerce v. Riverside Trails*, 52 Ill. App.3d 616, 620 (1977)). Here, Wausau contracted with Thomas Trevis relying on his authority as a partner of the business. Thomas Trevis, in his personal capacity,

---

[2]Because Wausau assumes Wisconsin law will apply to the guaranty contract, and the Defendants have not responded otherwise, the court will accordingly apply Wisconsin law.

6

guaranteed Westview Sales' performance, and nothing in the 2003 memo to vendors would have put Wausau on notice that Westview Packaging, LLC brought with it any change in ownership or management or control; in fact, the email reassured just the opposite. As a partner, Thomas Trevis necessarily had full knowledge of the original contract and the subsequent renaming of the company. He was not an innocent victim to be protected by the equity power of the courts. *Cf. Associates Financial Services Co. v. Eisenberg*, 51 Wis.2d 85 (1971) (finding liability on a guaranty in which a corporation's guarantor was also a director of the corporation).

I therefore conclude that Thomas Trevis' personal guaranty was valid and enforceable. I find no merit in the argument that Trevis' guaranty was terminated with the name change to Westview Packaging, LLC. Defendants have raised no material fact otherwise and Plaintiff has met its burden of demonstrating that Thomas Trevis' liability as a guarantor extends, as a matter of law, to Westview Packaging, LLC. As Plaintiff has demonstrated that no material issue of genuine fact remains with respect to Trevis' liability as a guarantor, its motion for summary judgment on this issue is granted.

## CONCLUSION

For the reasons set forth above, the Court concludes that Wausau is entitled to judgment by default against Westview Packaging LLC in the amount of $135,000. Based on the guaranty of Westview's debt, Wausau is entitled to judgment for $100,000 of the underlying debt against Thomas Trevis, together with reasonable costs of collection. Accordingly, Wausau's motion for summary judgment is granted. Judgement will await determination of collection costs. Wausau is

directed to file proof of its collection costs within the next ten days, and Thomas Trevis will have ten days to respond.

      **SO ORDERED** this   23rd   day of August, 2011.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge